STEWART v. DIXIE LAUNDRY CO.

———

(Mar. 28, 1927.   Opinion and Decree.)

(Apr. 11, 1927.   Rehearing Refused.)

(May 23, 1927.   Writs of Certiorari and Review Denied by Supreme Court.)

———

(*Syllabus by the Court.*)

1. **Louisiana Digest—Builders and Buildings—Par. 12.**

Where the undertaker furnishes both labor and materials and the work is destroyed before delivery to the owner, the loss must be sustained by the undertaker.

2. **Louisiana Digest—Builders and Buildings—Par. 5, 30; Obligations—Par. 162, 182.**

When the contract between the parties stipulates the conditions and circumstances under which the work will be accepted, positive evidence is required to prove waiver of the conditions of the contract in that regard.

Appeal from Civil District Court, Division "B". Hon. Mark M. Boatner, Judge.

Action by Seymour James Stewart against Dixie Laundry Company, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Curtis & Hall, of New Orleans, attorneys for plaintiff, appellant.

Herbert S. Weil, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J.   Plaintiff sues defendant for $100.00, the contract price of materials and labor required to erect an electric sign equipped with a time clock. There was judgment for defendant and plaintiff has appealed.

It appears from the record that either just before, or just after the completion of the work it was destroyed, presumably by persons unfriendly to plaintiff. Defendant contends that the destruction occurred before completion, and in any event before acceptance by it under the terms of the contract.

Plaintiff relies upon the effect of delivery to an officer of defendant corporation of the keys to the time clock, and the signature by this official of a "job ticket". This occurred the day before the work was destroyed.

The contract sued on contained the following:

"It is agreed that the whole of the work described below shall be considered as having been completed by the first party (plaintiff) and accepted by the second party (defendant) whenever any part of said work is used for the benefit of the second party in which event the second party waives his right to demand a wiring certificate."

It is not in evidence that the wiring certificate was obtained, or the work used for plaintiff's benefit. We do not attach the importance to the delivery of the keys to, and signature of, the defendant's officer to the "job ticket" that plaintiff does. It certainly was not equivalent to the wiring certificate nor a waiver thereof. The work during construction was at plaintiff's risk. Art. 2758, R. C. C.