## GARRETT v. VERLANDER

---

(November 13, 1928. Opinion and Decree.)

---

H. W. Robinson, of New Orleans, attorney for plaintiff and appellee.

Cabajal Gaudet, of New Orleans, attorney for defendant and appellant.

WESTERFIELD, J. This is a suit on a building contract. Plaintiff entered into a written contract with defendant to erect a building in Audubon Boulevard. There was included in the contract certain paving for which $450.00 was the price agreed on in the contract. The building was erected to the satisfaction of defendant, but a dispute arose concerning the paving, and the amount due for this work was withheld by the defendant and is sued for here. From the judgment for plaintiff as prayed for, the defendant has appealed.

The defendant, under the terms of the contract, designated Sam Stone, Jr., as his architect, who prepared the plans and specifications for the paving which was constructed under his supervision. The question presented is whether the paving complied with the plans and specifications.

It appears that, shortly after the paving was laid, due to subsidence of the soil, the building settled with the result that the paving cracked. The cracked portion was relaid by the contractor, approved by Mr. Stone, the customary certificate issued, and presented to Mr. Verlander, who refused payment.

There is reliable testimony to the effect that Mr. Verlander also approved the paving as relaid and agreed to pay for the work. This is denied by defendant, but his denial so qualified as to weaken its force. The specifications required the paving to be graded, drains installed and the finish to be with steel trowel and brought to a polish. The defendant complains that the paving was rough, sandy, and not graded in such manner as to cause water to flow into drains; that the drain was not properly placed, was inefficient, and that no expansion joint was originally provided for.

In support of defendant's position, a witness by the name of Redmond testified that he had fifteen years' experience in concrete work, and, was well informed as to the quality of paving, that he considered the paving to be "a very punk job", and that he would not accept it if it were his. In addition to Mr. Redmond, Mr. Thomas testified that he considered the work improperly done, but he does not appear to be expert in paving work, his principal occupation being that of carpenter.

On the other hand, a very well known paving contractor, Mr. B. C. Grasser, testifying for plaintiff, declared the work to have been done in accordance with the plans and specifications, and found no fault with it. Mr. Sam Stone, Jr., defendant's architect, testified that the paving had been laid under his direction as supervising architect, and that it substantially complied with the plans and specifications, and that he had issued his certificate to that effect; that the paving was properly graded, explaining that where the trowel finish is required, slight depressions caused by the trowel are inevitable, and that the water would settle in these depressions; that as to the settling of the building, which had caused the cracking in the pavement, there was no way to prevent the settlement, and no fault could be imputed to the paver, since the settling could only be prevented by the driving of piles.

The burden of proof rested upon defendant. Blodgett Construction Co. vs. Cheney Lumber Co., 129 La. 1057, 57 So. 369. He has entirely failed to sustain this burden. We are convinced that the contractor substantially complied with his contract. He was not obliged to do more. Peterson vs. Peralter, 3 La. App. 516; Stewart vs. Dixie Laundry Co., 6 La. App. 153. Moreover, where an owner employs an architect to supervise the construction of any work,

the opinion of the architect approving the construction, and his certificate evidencing such approval, may not be lightly disregarded. Dugue vs. Levy, 114 La. 21, 37 So. 995.

For the reasons assigned, we consider the judgment appealed from correct, and it is hereby affirmed.